

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 18, 1958

Hon. Ted Butler
County Attorney
Karnes County
Karnes City, Texas

Opinion No. WW-474A

Re: Legality of mailing a
blank absentee ballot
to an address within the
county where the ground
of application is ab-
sence or expected absence
from the county on elec-
tion day.

Dear Mr. Butler:

You have requested a clarification of Attorney
General's Opinion No. WW-474 on the following point: Is it
lawful for the county clerk to mail a blank absentee ballot
to a voter at an address within the county where the ground
of application is absence or expected absence on election day,
or must the ballot be mailed to the voter at an address out-
side the county?

Opinion No. WW-474 holds that an elector who is
present in the county of his residence at the time of applying
for an absentee ballot, but who expects to be absent from the
county on election day and applies for an absentee ballot on
that ground, is entitled to vote an absentee ballot by com-
pliance with either of the two methods set out in Article 5.05
of Vernon's Texas Election Code. If he makes application by
mail, the procedure is governed by Subdivision 4 of Article
5.05, which provides in part:

"The application shall be mailed to the
county clerk of the elector's residence whose
duty it shall be forthwith to mail to such
elector a blank official ballot and ballot en-
velope, * * *"

This provision applies to the mailing of all absentee ballots,
either on the ground of illness or physical disability or on
the ground of absence (or expected absence) from the county.
The statute contains no further provision defining the clerk's
duty. It does not make any express requirement that ballots

mailed to voters applying therefor on the ground of absence from the county must be mailed to an address outside the county, and we are unable to find any basis in the language of the statute for reading this requirement into it.

So far as we have been able to find, the courts of this State have not ruled on the question of whether a person who is voting on the ground of expected absence but who is present in the county at the time of application, may vote an absentee ballot by mail. The courts have held that he is entitled to vote absentee, but the question of whether either method for voting absentee is available to him has not been ruled on directly. However, holdings in two cases on related questions substantiate our view that he may mail his application from a point within the county and is entitled to have the blank ballot mailed to him to an address within the county.

In Roberts v. Dotson, 272 S.W.2d 164 (Tex.Civ.App. 1954), the court construed the provision of Subdivision 4 which we have quoted above in the following language:

"The statute does not direct that the ballot be sent to the elector's residence although this direction would be presumed in the absence of instructions to the contrary. Appellant concedes that the statute does not necessarily require that the ballot be mailed to the elector's residence when he says 'Contestant would not contend that a voter would not be entitled to have his absentee ballot mailed to an address which might suit his convenience.'" (Emphasis supplied.)

The construction was in connection with the legality of ballots of physically disabled voters in answer to a contention that the statute had been violated because the ballots were mailed to an address other than the voter's residence; but the holding is nevertheless pertinent to the present inquiry since the statutory provision is applicable to all classes of absentee voters.

In Eason v. Robertson, 288 S.W.2d 269 (Tex.Civ.App. 1956, error dism.), the contention was made that a person voting absentee on the ground of absence from the county could not vote by personal appearance at the clerk's office, and that it would be necessary for him to go outside the county to apply for his ballot by mail. The court rejected the contention in the following language:

"Appellant in his brief and in oral argument before us on submission further contended and stated in effect that if a person desired

to comply with the law governing absentee voting that it would be necessary for him to go outside of the county or state and make application by letter written outside of the county or state to the County Clerk of his county to the effect that he was out of the county or state and that he would be absent on election day and ask the Clerk to forward him the necessary papers so that he could file an absentee ballot, and in the event the voter's situation changed and he was in the county on election day that the vote cast by him as an absentee voter would be illegal and void. It is our view that appellant's contention in this respect is without merit and an unreasonable interpretation to be placed upon the absentee voting law, and further we think it is condemned by the holding of our Supreme Court in Wood v. State, supra."

You are advised that in our opinion an elector who applies for an absentee ballot on the ground of absence or expected absence from the county of his residence on election day is entitled to have a blank ballot mailed to him at an address within the county of his residence if he so desires, and that it is the clerk's duty to mail the ballot to the address directed by the voter.

## SUMMARY

An elector who is present in the county of his residence during the period for absentee voting but who expects to be absent from the county on election day is entitled to vote absentee either by personal appearance at the clerk's office or by mail, and it is lawful for the clerk to mail a blank absentee ballot to him at an address within the county where proper application by mail is made therefor. There is no requirement that the ballot must be mailed to the voter at an address outside the county.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Mary K. Wall*

Mary K. Wall
Assistant

Hon. Ted Butler, page 4 (WW-474A)


APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

F.C. Jack Goodman
J.C. Davis, Jr.


REVIEWED FOR THE ATTORNEY GENERAL
BY:
        W.V. Geppert